**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
(212) 918-3000 (p)
(212) 918-3100 (f)

*Attorneys for LG Electronics USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO BRITO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS USA, INC. AND LG ELECTRONICS INC., <br><br> Defendants. | No. 2:22-cv-05777-JMV-JSA |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LG ELECTRONICS USA, INC'S MOTION TO COMPEL ARBITRATION

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ..................................................................................1

SUMMARY OF RELEVANT ALLEGATIONS....................................2

ARGUMENT ........................................................................................6

I.    Legal Standard .........................................................................6

II.   The Arbitration Agreement In The LG Written Warranty Is Valid ...............8

      A.    Plaintiff Agreed To Arbitrate This Dispute. .......................................10

      B.    Plaintiff's Agreement To Arbitrate Is Supported By Valid
            Consideration........................................................................15

III.  Plaintiff's Claims Are Well Within The Scope Of The Arbitration Clause .17

IV.   Plaintiff Should Be Compelled To Arbitrate His Claims On An Individual
      Basis And This Action Should Be Dismissed Or, In The Alternative,
      Stayed....................................................................................21

CONCLUSION....................................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdullah v. Am. Exp. Co.,*
No. 3:12-CV-1037-J-34MCR, 2012 WL 6867675 (M.D. Fla. Dec.
19, 2012) ..............................................................................................22

*Albert v. Nat'l Cash Register Co.,*
874 F. Supp. 1324 (S.D.Fla.1994) ......................................................16

*Allied-Bruce, Terminix Companies, Inc. v. Dobson,*
513 U.S. 265 (1995) ................................................................................8

*Am. Express Co. v. Italian Colors Rest.,*
133 S. Ct. 2304 (2013) ..........................................................................21

*Anderson v. Skolnick,*
No. CV1918138MASDEA, 2020 WL 2062193 (D.N.J. Apr. 29,
2020) ......................................................................................................22

*AT&T Mobility LLC v. Concepcion,*
563 U.S. 333 (2011) ................................................................................7

*Ben-Yishay v. Mastercraft Dev., LLC,*
553 F. Supp. 2d 1360 (S.D. Fla. 2008) ...........................................9, 16

*Bhim v. Rent-A-Ctr., Inc.,*
655 F. Supp. 2d 1307 (S.D. Fla. 2009) ................................................16

*BKD Twenty–One Management Company, Inc. v. Delsordo,*
127 So.3d 527 (Fla. Dist. Ct. App. 2012) ..............................................9

*Bravetti v. Liu,*
No. CIV.A. 12-7492 MAS, 2015 WL 1954466 (D.N.J. Apr. 29,
2015) ........................................................................................................3

*Carwile v. Samsung Telecommunications Am., LLC,*
No. CV1205660CJCJPRX, 2013 WL 11030374 (C.D. Cal. July 9,
2013) ................................................................................................11, 15

i

*Crossroads Trucking Corp. v. TruNorth Warranty Plans of N. Am. LLC*,
   No. 321CV00318RJCDSC, 2021 WL 4997621
   (W.D.N.C. Oct. 27, 2021) .............................................................................13, 14

*Dean Witter Reynolds Inc. v. Byrd*,
   470 U.S. 213 (1985) ..............................................................................................7

*Dye v. Tamko Bldg. Prod., Inc.*,
   275 F. Supp. 3d 1314 (M.D. Fla. 2017), *aff'd*, 908 F.3d 675 (11th
   Cir. 2018) ...............................................................................................................9

*Ebel v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*,
   No. 8:12-CV-2786-T-30TBM, 2013 WL 221451 (M.D. Fla. Jan.
   18, 2013) ...............................................................................................................22

*Epic Sys. Corp. v. Lewis*,
   138 S. Ct. 1612 (2018) ...........................................................................................7

*Ferrara v. Luxottica Retail N. Am. Inc.*,
   No. 8:17-CV-2914-T-33AEP, 2018 WL 573430 (M.D. Fla. Jan.
   26, 2018) ...............................................................................................................12

*First Options of Chi., Inc. v. Kaplan*,
   514 U.S. 938 (1995) ..............................................................................................8

*Goldstein v. Cantiere Nautico Cranchi, S.P.A.*,
   No. 09-81586-CIV, 2010 WL 11586745 (S.D. Fla. Apr. 14, 2010) ..................14

*Green v. SuperShuttle Int'l, Inc.*,
   653 F.3d 766 (8th Cir. 2011) ...............................................................................21

*Herrera Cedeno v. Morgan Stanley Smith Barney, LLC*,
   154 F. Supp. 3d 1318 (S.D. Fla. 2016) .........................................................17, 18

*Herron v. Best Buy Stores, L.P.*,
   No. 12-CV-02103-GEB-JFM, 2014 WL 2462973 (E.D. Cal. June
   2, 2014) .................................................................................................................11

*Hill v. Gateway 2000, Inc.*,
   105 F.3d 1147 (7th Cir. 1997) .............................................................................10

*Hughes v. Panasonic Consumer Elecs. Co., a Div. of Panasonic Corp. of N. Am.*,
   No. CV 10-846 (SDW), 2012 WL 12905614 (D.N.J. Apr. 19, 2012) ................3

*Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*,
206 F.3d 411 (4th Cir. 2000) ......................................................... 13-15

*Jackson v. Shakespeare Found, Inc.*,
108 So. 3d 587 (Fla. 2013) .............................................................18

*Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*,
137 S. Ct. 1421 (2017) .....................................................................8

*Koons v. Jetsmarter, Inc.*,
No. CV1816723MASDEA, 2019 WL 3082687 (D.N.J. July 15,
2019) ...............................................................................................8

*Lambert v. Austin Ind.*,
544 F.3d 1192 (11th Cir. 2008) ......................................................18

*Lemmon v. Lincoln Prop. Co.*,
307 F. Supp. 2d 1352 (M.D. Fla. 2004)............................................16

*Marc v. Uber Techs., Inc.*,
No. 2:16-cv-579-FtM-99MRM,
2016 WL 7210886 (M.D. Fla. Dec. 13, 2016) .................................22

*Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De
Bogota S.A. E.S.P.*,
670 F. Supp. 2d 1350 (S.D. Fla. 2009) ......................................19, 20

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985)..........................................................................6

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
460 U.S. 1 (1983)..........................................................................6, 7

*Nexsun Corp. v. Condo*,
No. 8:10-cv-331-T-23AEP, 2010 WL 2103039 (M.D. Fla. May 25,
2010) .............................................................................................19

*Olshan Found. Repair & Waterproofing v. Otto*,
276 S.W.3d 827 (Ky. Ct. App. 2009) ..............................................15

*Olsher Metals Corp. v. Olsher*,
No. 01-3212-CIV, 2003 WL 25600635 (S.D. Fla. Mar. 26, 2003),
*aff'd*, 90 F. App'x 383 (11th Cir. 2003) .........................................19

*Perera v. H & R Block E. Enters., Inc.*,
   914 F. Supp. 2d 1284 (S.D.Fla.2012) ...................................................................18

*Red Brick Partners-Brokerage, LLC v. Staubach Co.*,
   No. 4:08cv82-SPM-WCS, 2008 WL 2743689 (N.D. Fla. July 9,
   2008) ...................................................................19

*Richemond v. Uber Techs., Inc.*,
   263 F. Supp. 3d 1312 (S.D. Fla. 2017) ...................................................................13

*Sanderson v. SPX Cooling Techs., Inc*.,
   No. 2:07-cv-828-FtM-29DNF, 2009 WL 426006 (M.D. Fla. Feb.
   19, 2009) ...................................................................18

*Santos v. Gen. Dynamics Aviation Servs. Corp.*,
   984 So. 2d 658 (Fla. 4th DCA 2008)...................................................................16

*Shearson/American Express, Inc. v. McMahon*,
   482 U.S. 220 (1987)...................................................................6

*Thome v. Layne Energy Sycamore, LLC*,
   No. 05-CV-02244-PSF-MJW, 2006 WL 1488895 (D. Colo. May
   30, 2006) ...................................................................13

*Tracfone Wireless, Inc. v. Blue Ocean's Distrib., LLC*,
   616 F. Supp. 2d 1284 (S.D. Fla. 2009) ...................................................................10

*TracFone Wireless, Inc. v. Pak China Grp. Co.*,
   843 F. Supp. 2d 1284 (S.D. Fla. 2012) ...................................................................9

*Vasadi v. Samsung Elecs. Am., Inc.*,
   No. CV 21-10238-WJM-AME, 2021 WL 5578736 (D.N.J. Nov.
   29, 2021) ...................................................................10

*Vechten v. Elenson*,
   No. 12-80668-Civ-SCOLA, 2013 WL 12080758 (S.D. Fla. Oct.
   16, 2013) ...................................................................17, 18

*VR Consultants, Inc. v. J.P. Morgan Chase & Co.*,
   No. 20-CV-6110, 2021 WL 5494373 (D.N.J. Nov. 23, 2021)...................................................................22

*Webb v. Volvo Cars of N.A., LLC*,
   No. CV 13-2394, 2018 WL 1470470 (E.D. Pa. Mar. 26, 2018) ...................................................................3

*Wojtalewicz v. Pioneer Hi-Bred Int'l, Inc.*,
    939 F. Supp. 2d 965 (D. Neb. 2012)....................................................................11

*Wojtalewicz v. Pioneer Hi-Bred Int'l, Inc.*,
    959 F. Supp. 2d 1215 (D. Neb. 2013)................................................................13

*Zamfirova v. AMAG Pharms., Inc.*,
    No. 20-CV-00152, 2021 WL 2103287 (D.N.J. May 25, 2021) ..........................3

**Statutes**

Federal Arbitration Act, 9 U.S.C. Section 1 *et seq*.............................................*passim*

9 U.S.C. § 2 ..............................................................................................................7

9 U.S.C. § 3 ........................................................................................................21, 22

9 U.S.C. § 4 .......................................................................................................7, 20

**Rules**

Fed. R. Civ. P. 11(b) ...............................................................................................5

**INTRODUCTION**

Plaintiff Pedro Brito ("Plaintiff") purchased an LG Electronics USA, Inc. ("LG")[1] electric range with front-mounted burner knobs, model LSEL6335F (the "Range") in November 2021. Less than a year later, Plaintiff brings a putative nationwide class action on behalf of purchasers of the same model Range (as well as potentially numerous other models that Plaintiff did not purchase), alleging a defect in the design of the Range which purportedly causes the Range's burner control knobs to activate inadvertently (the "Claimed Defect").

At the heart of Plaintiff's Complaint is the Limited Warranty that LG provided with that Range (the "LG Written Warranty"). According to Plaintiff, LG is liable to Plaintiff and the putative class in connection with a breach of the LG Written Warranty, as well as certain alleged omissions and misrepresentations that LG purportedly made in (among other places) the Range's product manual — the same document that houses the LG Written Warranty.

Yet, despite the emphasis that Plaintiff appears to place on the LG Written Warranty, he disregards one of its key components: its arbitration provision. Written in bold, capital letters at the top of the LG Written Warranty is the following:

> THIS LIMITED WARRANTY CONTAINS AN ARBITRATION
> PROVISION THAT REQUIRES YOU AND LG TO RESOLVE
> DISPUTES BY BINDING ARBITRATION INSTEAD OF IN
> COURT, UNLESS YOU CHOOSE TO OPT OUT. IN

---

[1]  Plaintiff and LG, together, are the "Parties."

1

ARBITRATION, CLASS ACTIONS AND JURY TRIALS ARE NOT PERMITTED.

The terms of this provision are unambiguous: Plaintiff's attempt to bring a putative class action in federal district court is explicitly barred by the very agreement he is suing to enforce. Plaintiff must abide by the terms of the LG Written Warranty he seeks to enforce. Accordingly, the Court should dismiss this action in favor of individual arbitration.

## SUMMARY OF RELEVANT ALLEGATIONS

Plaintiff, a Florida resident, alleges that on or about November 6, 2021 he purchased an LG electric range with front-mounted burner knobs – model number LSEL6335F – from a Best Buy store in Miami, Florida. (ECF No. 1, the "Complaint" or "Compl." ¶¶ 11, 18, 27-28.) Plaintiff's allegations center on his theory that the Range includes "dangerous latent defects in the design of [its] front-mounted burner control knobs that make the Ranges susceptible to unintentional activation". (*See* Compl. ¶ 1.) According to Plaintiff, he allegedly experienced this Claimed Defect on August 5, 2021 when he claims that his "Range activated without his knowledge." (*Id.* ¶ 24).

Plaintiff expressly alleges that he "was aware that his Range was covered by a LG warranty," (*Id.* ¶ 20) that "[a]bsent this warranty, [he] would not have

purchased the LG Range," (*Id.*),[2] and that the LG Written Warranty "was included in the user manual for the model Range purchased by Mr. Brito." *(Id.* ¶ 41.)[3] Moreover, Plaintiff further alleges that he requested warranty service under that document. *(Id.* ¶ 25.)

While Plaintiff alleges his awareness of the LG Written Warranty, and describes his efforts to enforce its terms both through his service request and this lawsuit, he does not attach a copy of it and ignores that the LG Written Warranty also contains a number of unambiguous provisions which likewise unambiguously

---

[2] LG attaches a copy of the Range's product manual, which contains the LG Written Warranty, *see* Declaration of Phoebe A. Wilkinson ("Wilkinson Decl."), Exhibit A. The Court may properly take judicial notice of the LG Warranty because "[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim." *Hughes v. Panasonic Consumer Elecs. Co., a Div. of Panasonic Corp. of N. Am.*, No. CV 10-846 (SDW), 2012 WL 12905614, at *3 (D.N.J. Apr. 19, 2012); *see also Webb v. Volvo Cars of N.A., LLC*, No. CV 13-2394, 2018 WL 1470470, at *9 n.9 (E.D. Pa. Mar. 26, 2018) ("The Court can take judicial notice of the warranty terms because they are integral to or explicitly relied upon in Plaintiff's Second Amended Complaint."); *Zamfirova v. AMAG Pharms., Inc.*, No. 20-CV-00152, 2021 WL 2103287, at *4 n.3 (D.N.J. May 25, 2021) (taking judicial notice of an FDA approved label) (Vazquez, J.).

[3] The LG Written Warranty is also available online, on the product page for the Range (https://www.lg.com/us/cooking-appliances/lg-lsel6335f-electric-range). A copy of the six page warranty card available online. (Wilkinson Decl. Exhibit B.) This Court may properly take judicial notice of the contents of LG's website. *See, e.g., Bravetti v. Liu*, No. CIV.A. 12-7492 MAS, 2015 WL 1954466, at *1 (D.N.J. Apr. 29, 2015) (taking judicial notice of, *inter alia*, a screenshot of a party's website).

*foreclose* this very action (collectively the "Arbitration Clause"). Specifically, in bold type at the very start of the LG Written Warranty, LG states:

> **THIS LIMITED WARRANTY CONTAINS AN ARBITRATION PROVISION THAT REQUIRES YOU AND LG TO RESOLVE DISPUTES BY BINDING ARBITRATION INSTEAD OF IN COURT, UNLESS YOU CHOOSE TO OPT OUT. IN ARBITRATION, CLASS ACTIONS AND JURY TRIALS ARE NOT PERMITTED.**

(Wilkinson Decl. Ex. A at 73) (Wilkinson Decl. Ex. B at 1)  (emphasis in original).[4]

The Arbitration Clause continues to say, in a section under a bolded heading reading

"**PROCEDURE FOR RESOLVING DISPUTES**" that:

> ALL DISPUTES BETWEEN YOU AND LG ARISING OUT OF OR RELATING IN ANY WAY TO THIS LIMITED WARRANTY OR THE PRODUCT SHALL BE RESOLVED EXCLUSIVELY THROUGH BINDING ARBITRATION, AND NOT IN A COURT OF GENERAL JURISDICTION. BINDING ARBITRATION MEANS THAT YOU AND LG ARE EACH WAIVING THE RIGHT TO A JURY TRIAL AND TO BRING OR PARTICIPATE IN A CLASS ACTION.

(Wilkinson Decl. Ex. A at 76.) (Wilkinson Decl. Ex. B at 4.) (emphasis in original).

The very next section, captioned "Definitions," states that:

> For the purposes of this section, references to "LG" mean LG Electronics U.S.A., Inc., its parents, subsidiaries and affiliates, and each of their officers, directors, employees, agents, beneficiaries, predecessors in interest, successors, assigns and suppliers; references to

---

[4]  While the arbitration clause was prominent and featured in the Owner's  Manual, LG also notes that notification of the arbitration clause appeared in several places in addition to the manual – on the box in which the range arrived, as well as taped to the range itself.  (*See* Declaration of Alisa Baker, ¶¶ 3-8.)

"dispute" or "claim" shall include any dispute, claim or controversy of any kind whatsoever (whether based in contract, tort, statute, regulation, ordinance, fraud, misrepresentation or any other legal or equitable theory) arising out of or relating in any way to the sale, condition or performance of the product or this Limited Warranty.

(Wilkinson Decl. Ex. A at 76.) (Wilkinson Decl. Ex. B at 4.)

In another section, labeled in bold text as "Fees/Costs," LG provides that — should a dispute proceed to arbitration – it will bear certain costs that would normally fall to the putative plaintiff:

**Fees/Costs.** You do not need to pay any fee to begin an arbitration. Upon receipt of your written demand for arbitration, LG will promptly pay all arbitration filing fees to the AAA unless you seek more than $25,000 in damages, in which case the payment of these fees will be governed by the AAA Rules. Except as otherwise provided for herein, LG will pay all AAA filing, administration and arbitrator fees for any arbitration initiated in accordance with the AAA Rules and this arbitration provision. If you prevail in the arbitration, LG will pay your attorneys' fees and expenses as long as they are reasonable, by considering factors including, but not limited to, the purchase amount and claim amount. Notwithstanding the foregoing, if applicable law allows for an award of reasonable attorneys' fees and expenses, an arbitrator can award them to the same extent that a court would. If the arbitrator finds either the substance of your claim or the relief sought in the demand is frivolous or brought for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)), then the payment of all arbitration fees will be governed by the AAA Rules. In such a situation, you agree to reimburse LG for all monies previously disbursed by it that are otherwise your obligation to pay under the AAA Rules. Except as otherwise provided for, LG waives any rights it may have to seek attorneys' fees and expenses from you if LG prevails in the arbitration.

(Wilkinson Decl. Ex. A at 77.) (Wilkinson Decl. Ex. B at 5.)

Finally, for any consumers who are not interested in participating in the dispute resolution procedure set forth in the Arbitration Clause, the Arbitration Clause expressly provides the ability for consumers to "Opt Out" (the "Opt Out Provision"). It states:

> You may opt out of this dispute resolution procedure. If you opt out, neither you nor LG can require the other to participate in an arbitration proceeding,

and then sets forth the procedure to opt out. (Wilkinson Decl. Ex. A at 77.) (Wilkinson Decl. Ex. B at 5.) Plaintiff, who specifically alleges knowledge of the LG Written Warranty, does not state that he opted out of the Arbitration Clause.

The Court should give effect to the agreement of the Parties and grant LG's motion to compel arbitration. As a result, the Court should dismiss this case or, in the alternative, stay the proceedings pending arbitration.

## ARGUMENT

### I.  Legal Standard

Arbitration agreements are heavily favored and rigorously enforced by courts. *See e.g.*, *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). As a matter of law, any doubt concerning the scope of arbitrable issues

should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25.

The validity and enforcement of arbitration agreements are governed by the Federal Arbitration Act, 9 U.S.C. Section 1 *et seq.* ("FAA"). The FAA provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). This "liberal federal policy favoring arbitration agreements" applies "notwithstanding any state substantive or procedural policies to the contrary." *Id.* at 346 (quotation marks and citation omitted). The FAA "leaves no room for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985); 9 U.S.C. § 4; *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (reiterating the FAA's "emphatic directions" that arbitration agreements be enforced according to their terms). The FAA applies to any arbitration agreement that is "written" and in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has explained that the FAA "signals an intent to exercise Congress' commerce

power to the full." *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 277 (1995*)*.

In order to determine whether a valid arbitration agreement exists, courts "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Those principles must be generally applicable, however; the FAA forbids States from imposing heightened standards on the formation of arbitration agreements that do not apply to other types of contracts. *See Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*, 137 S. Ct. 1421, 1428-29 (2017).

## II.    The Arbitration Agreement In The LG Written Warranty Is Valid

Under Florida law, which is the applicable law here, the Arbitration Clause is valid. The LG Written Warranty expressly provides that "[t]he law of the state of your residence shall govern this Limited Warranty and any disputes between us except to the extent that such law is preempted by or inconsistent with applicable federal law." (Wilkinson Decl. Ex. A at 77) (Wilkinson Decl. Ex. B at 5). Plaintiff alleges that he resides in Florida, (Compl. ¶ 11); therefore, Florida law governs. This choice of law is permitted because "upholding a governing law provision mandating application of Florida Law will not violate New Jersey's public policy because both New Jersey and Florida 'favor[ ] arbitration as a mechanism [for] resolving disputes.'" *Koons v. Jetsmarter, Inc.*, No. 18-16723 (MAS) (DEA), 2019 WL

3082687, at *4 (D.N.J. July 15, 2019) (granting motion to compel arbitration under Florida law) (quoting *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 877 (N.J. 2002)).

"Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Dye v. Tamko Bldg. Prod., Inc.*, 275 F. Supp. 3d 1314, 1317 (M.D. Fla. 2017) (quotation omitted) *aff'd*, 908 F.3d 675 (11th Cir. 2018). As with the FAA, "Florida public policy favors arbitration, and any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *Id.* (quoting *BKD Twenty–One Management Company, Inc. v. Delsordo*, 127 So.3d 527, 530 (Fla. Dist. Ct. App. 2012)).

Florida law establishes that a "'contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract.'" *TracFone Wireless, Inc. v. Pak China Grp. Co.*, 843 F. Supp. 2d 1284, 1298 (S.D. Fla. 2012) (quoting Fla. Stat. § 672.204(1)). In addition to mutual assent, a contract must be supported by consideration to be enforceable. *See, e.g., Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1369 (S.D. Fla. 2008). Here, there can be no question that Plaintiff

and LG reached an agreement to arbitrate that is supported by consideration. It is enforceable under Florida law.

### A.    Plaintiff Agreed To Arbitrate This Dispute.

Plaintiff's decision to retain his Range, as well as his attempt to enforce his rights under the LG Written Warranty, demonstrate an unambiguous agreement to arbitrate this dispute. First, Plaintiff's decisions to purchase and retain the Range manifested his assent to the terms of the LG Written Warranty, including the Arbitration Clause. Florida law is clear that a supplier of a product may enter into an enforceable arbitration agreement with a consumer by printing specific terms that consumers may either accept by purchasing and retaining an item, or reject by declining to purchase or returning the item. *See, e.g.*, *Tracfone Wireless, Inc. v. Blue Ocean's Distrib., LLC*, 616 F. Supp. 2d 1284, 1285-86 (S.D. Fla. 2009) (requiring parties to submit to arbitration when "the terms and conditions found inside the packaging of Plaintiff's phones provides that all disputes and claims must be resolved through arbitration"). This is consistent with treatment by courts throughout the country. *See, e.g., Vasadi v. Samsung Elecs. Am., Inc.*, No. CV 21-10238-WJM-AME, 2021 WL 5578736, at *10 (D.N.J. Nov. 29, 2021) ("The 'Terms and Conditions' pamphlet contained in the Galaxy S20 box provides an additional and independent basis for finding that Plaintiffs had reasonable notice of the Arbitration Agreement."); *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1149-50 (7th Cir. 1997)

(holding an arbitration clause located inside the packaging of a computer was enforceable where consumer retained the computer and failed to object to arbitration; explaining that "[p]ractical considerations support allowing vendors to enclose the full legal terms with their products"); *Herron v. Best Buy Stores, L.P.*, No. 12-CV-02103-GEB-JFM, 2014 WL 2462973, at *1 (E.D. Cal. June 2, 2014) ("[C]ontracts contained in [] boxes . . . are no less enforceable than any other type of contract.") (citation omitted); *Carwile v. Samsung Telecommunications Am., LLC*, No. CV-12-05660-CJC (JPRx), 2013 WL 11030374, at *3-5 (C.D. Cal. July 9, 2013) (enforcing arbitration provision contained in warranty, which was included in the box with the plaintiff's phone); *Wojtalewicz v. Pioneer Hi-Bred Int'l, Inc.*, 939 F. Supp. 2d 965, 971-72 (D. Neb. 2012) (enforcing an arbitration clause that "was included within the contract; both in the terms and conditions sheet and on the back of the bags"). This Court should reach the same result.

Here, the Complaint is unambiguous that Plaintiff "was aware that his Range was covered by a LG warranty," which "was included in the user manual that came with his Range." (Compl. ¶ 20.) Plaintiff does not allege at any point that, after becoming aware of the LG Written Warranty's Arbitration Clause, he declined to purchase the Range or attempted to return it. Far from it, in fact: Plaintiff specifically alleges that "[a]bsent this warranty, Mr. Brito would not have purchased the LG Range." (*Id.*) Under those circumstances, there can be no question that Plaintiff

manifested his assent to the Arbitration Clause by purchasing his Range, retaining it, and failing to opt out.

Moreover, Plaintiff's assent to the Arbitration Clause is further evidenced by the fact that he did not choose to opt out of it under the Opt Out Clause. As noted above, the right of purchasers to opt out of the Arbitration Clause is disclosed in the very first sentence of that section:

> THIS LIMITED WARRANTY CONTAINS AN ARBITRATION PROVISION THAT REQUIRES YOU AND LG TO RESOLVE DISPUTES BY BINDING ARBITRATION INSTEAD OF IN COURT, _**UNLESS YOU CHOOSE TO OPT OUT**_. IN ARBITRATION, CLASS ACTIONS AND JURY TRIALS ARE NOT PERMITTED.

(*See* supra p. 4) (emphasis added). Later in the Arbitration Clause, this right to opt out is set out unambiguously:

> You may opt out of this dispute resolution procedure. If you opt out, neither you nor LG can require the other to participate in an arbitration proceeding,

(*See* supra p. 6). Here, Plaintiff alleges his familiarity with the LG Written Warranty, but does not allege that he invoked, or even attempted to invoke, the Opt Out Clause. Under those circumstances, the Court should find that Plaintiff agreed to arbitrate this dispute. *See, e.g., Ferrara v. Luxottica Retail N. Am. Inc.*, No. 8:17-CV-2914-T-33AEP, 2018 WL 573430, at *4 (M.D. Fla. Jan. 26, 2018) ("Ferrara's claims fall squarely within the ambit of the Dispute Resolution Agreement, _**and she did not opt out of the Agreement**_. The Agreement before the Court is a valid agreement to

arbitrate between the parties.") (emphasis added); *Richemond v. Uber Techs., Inc.*, 263 F. Supp. 3d 1312, 1317 (S.D. Fla. 2017) (finding that Plaintiff's failure to opt out of arbitration agreement supported a finding that he agreed to arbitrate his dispute).

Moreover, Plaintiff's agreement to arbitrate is also evidenced by his attempt to enforce the LG Written Warranty in this action. Citing principles of equitable estoppel, courts have routinely held that parties may not avoid arbitration provisions contained in the same agreement they seek to enforce. *See, e.g.*, *Crossroads Trucking Corp. v. TruNorth Warranty Plans of N. Am. LLC*, No. 3:21-CV-00318-RJC-DSC, 2021 WL 4997621, at *2 (W.D.N.C. Oct. 27, 2021) ("Defendant has shown that Plaintiff is seeking to avail itself of the rights and protections contained in the warranty agreement. It cannot then deny the validity of the arbitration clause."); *Thome v. Layne Energy Sycamore, LLC*, No. 05-CV-02244-PSF-MJW, 2006 WL 1488895, at *3 (D. Colo. May 30, 2006) (nonsignatories who sought to "derive a benefit" from an agreement were subject to that agreement's arbitration clause under estoppel theory); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) (non-signatory estopped from refusing to comply with an arbitration agreement where he "consistently maintained that other provisions of the same contract should be enforced to benefit him"); *Wojtalewicz v. Pioneer Hi-Bred Int'l, Inc.*, 959 F. Supp. 2d 1215, 1225-26 (D. Neb.

13

2013) ("By asserting the right to recover the benefits arising from the [defendant's] sales contracts, they are likewise bound by the obligations of those contracts, including the mandatory arbitration clause."); *accord Goldstein v. Cantiere Nautico Cranchi, S.P.A.*, No. 09-81586-CIV, 2010 WL 11586745, at *3 (S.D. Fla. Apr. 14, 2010) ("Plaintiff's entire suit, however, is based on breach of warranty claims. Plaintiff may not avoid the forum selection clause while availing himself of the benefits of the warranty.") After all, "[t]o allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act." *Int'l Paper*, 206 F.3d at 418 (citation omitted).

In *Crossroads Trucking*, the plaintiff leased a truck from one of the defendants which was the subject of a warranty agreement issued by another defendant, TruNorth. 2021 WL 4997621, at *1. The TruNorth warranty agreement contained an arbitration clause. *Id.* After the plaintiff filed a lawsuit alleging, *inter alia*, breach of the TruNorth warranty agreement, TruNorth filed a motion to compel arbitration of that dispute pursuant to the warranty's arbitration clause. *Id.* The plaintiff opposed, arguing that there was no valid agreement to arbitrate. *Id.* The court disagreed on equitable-estoppel grounds, explaining that "[w]here a 'contract provides part of the factual foundation for every claim asserted' in the complaint and that contract contained an arbitration provision, a court 'can only conclude' that the

plaintiff is 'estopped from refusing to arbitrate its dispute.'" *Id.* at \*2 (quoting *Int'l Paper*, 206 F.3d at 418).

The same principles apply here. Plaintiff alleges that LG breached express warranties by, for example, "fail[ing] and/or refus[ing] to adequately provide the promised remedies" for the Claimed Defect under the LG Written Warranty. (Compl. ¶ 118.) Because Plaintiff seeks to enforce the terms of the LG Written Warranty, he is bound by the agreement to arbitrate contained within the same.

Finally, Plaintiff's allegations show his assent to the terms of the Arbitration Clause by claiming that he sought service under the LG Written Warranty. Here, after Plaintiff allegedly experienced an incident in which his Range activated inadvertently, he got into contact with LG pursuant to the LG Written Warranty. (*See* Compl. ¶¶ 24, 25.) Plaintiff's efforts to enforce his rights under the LG Written Warranty demonstrate his consent to be bound by its terms, including its Arbitration Clause. *See, e.g.*, *Carwile*, 2013 WL 11030374 at \*3-5; *Olshan Found. Repair & Waterproofing v. Otto*, 276 S.W.3d 827, 831-32 (Ky. Ct. App. 2009) (plaintiffs' decision to seek warranty repairs "br[ought] with it the obligation to resolve disputes in accordance with the contracts' terms").

## B. Plaintiff's Agreement To Arbitrate Is Supported By Valid Consideration.

The Parties' mutual agreement to arbitrate constitutes valid consideration. It is axiomatic under Florida law that the agreement of a party to submit to arbitration

is sufficient consideration to support the other party's agreement to do the same. *See, e.g.*, *Ben-Yishay*, 553 F. Supp. 2d at 1369 ("[T]he arbitration clause is valid because all parties have provided consideration through their promises to submit to arbitration."); *Lemmon v. Lincoln Prop. Co.*, 307 F. Supp. 2d 1352, 1355 (M.D. Fla. 2004) ("Where both parties are bound by contractual provisions, mutuality exists and those terms are held enforceable.") (quoting *Albert v. Nat'l Cash Register Co.*, 874 F. Supp. 1324, 1326 (S.D.Fla.1994)); *Bhim v. Rent-A-Ctr., Inc.*, 655 F. Supp. 2d 1307, 1312-13 (S.D. Fla. 2009) ("Mutually binding promises to arbitrate provide consideration for one another, and give rise to an enforceable arbitration agreement."); *Santos v. Gen. Dynamics Aviation Servs. Corp.*, 984 So. 2d 658, 661 (Fla. 4th Dist. Ct. App. 2008) (holding there was sufficient consideration to support arbitration agreement because the agreement created "a mutual obligation to arbitrate").

Here, the Arbitration Clause states that:

> ALL DISPUTES BETWEEN YOU AND LG ARISING OUT OF OR RELATING IN ANY WAY TO THIS LIMITED WARRANTY OR THE PRODUCT SHALL BE RESOLVED EXCLUSIVELY THROUGH BINDING ARBITRATION, AND NOT IN A COURT OF GENERAL JURISDICTION. BINDING ARBITRATION MEANS THAT YOU AND LG ARE EACH WAIVING THE RIGHT TO A JURY TRIAL AND TO BRING OR PARTICIPATE IN A CLASS ACTION.

(*See* supra p. 4.) This language not only obliges Plaintiff to submit each claim to arbitration but also requires LG to do the same.

16

Not only does the mutual agreement to arbitrate support a finding of adequate consideration, so does the "Fees/Costs" provision of the Arbitration Clause. (*See* supra p. 5.) Pursuant to the "Fees/Costs" provision, LG has agreed to pay, among other things, "all AAA filing, administration and arbitrator fees for any arbitration initiated in accordance with the AAA Rules and this arbitration provision," as well as informing purchasers that "[i]f you prevail in the arbitration, LG will pay your attorneys' fees and expenses as long as they are reasonable . . . ." (*See id*.) Conversely, LG also provides that "[e]xcept as otherwise provided for, LG waives any rights it may have to seek attorneys' fees and expenses from you if LG prevails in the arbitration." (*See id.*.) Each of these promises constitutes a material financial obligation on the part of LG. Accordingly, there is adequate consideration.

## III.    **Plaintiff's Claims Are Well Within The Scope Of The Arbitration Clause**

Once a court determines that a valid arbitration agreement exists, it must assess whether the specific dispute falls within the scope of the agreement. *Vechten v. Elenson*, No. 12-80668-Civ-SCOLA, 2013 WL 12080758, at *1 (S.D. Fla. Oct. 16, 2013). Courts look to the language of the arbitration provision to do so. *Id.* at *2. For a claim to fall outside its scope, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Herrera Cedeno v. Morgan Stanley Smith Barney, LLC*, 154 F. Supp. 3d 1318, 1327 (S.D. Fla. 2016) (citation omitted). Such evidence will be found only if parties "clearly express their intent to

17

exclude categories of claims from their arbitration agreement." *Id.* (quotations omitted).

Moreover, in construing an arbitration clause, "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Id.* (quoting *Perera v. H & R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1288 (S.D.Fla.2012)); *see also, e.g., Vechten*, 2013 WL 12080758, at *2 ("Doubts concerning the scope of the arbitration agreement must be resolved in favor of arbitration."). This presumption of arbitration is "particularly applicable" where arbitration clauses are "broad." *Herrera*, 154 F. Supp. 3d at 1327; *see also, e.g., Muniz v. Sharp Deal Auto Repair*, Inc., No. 14-20460-CIV-WILLIAMS, 2014 WL 12609466, at *2 (S.D. Fla. July 7, 2014) ("Such a presumption is 'particularly applicable' where the arbitration clause is broadly worded.") (citation omitted).

An arbitration clause is "broad" in scope if it includes phrases such as "arising from," "arising out of or relating to" or "arising out of or in connection with." *See, e.g., Jackson v. Shakespeare Found, Inc.,* 108 So. 3d 587, 593 (Fla. 2013) ("[A]n arbitration provision that is considered to be broad in scope typically requires arbitration for claims or controversies 'arising out of or relating to' the subject contract.") (citation omitted); *Lambert v. Austin Ind.*, 544 F.3d 1192, 1198 (11th Cir. 2008) (explaining the phrase "'arising from or related to' . . . expresses] a broad, all-inclusive desire to arbitrate disputes") (citation omitted); *Sanderson v. SPX Cooling*

*Techs., Inc.*, No. 2:07-cv-828-FtM-29DNF, 2009 WL 426006, at *4 (M.D. Fla. Feb. 19, 2009) ("The binding precedent in the Eleventh Circuit . . . has construed 'arising out of and 'arising out of or in connection with' much more broadly and favoring arbitration.") (citation omitted); *Red Brick Partners-Brokerage, LLC v. Staubach Co.*, No. 4:08cv82-SPM-WCS, 2008 WL 2743689, at *3 (N.D. Fla. July 9, 2008) ("The arbitration clause in the Sublicense Agreement includes the 'arising out of or relating to' language and is thus a broad clause."); *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1355 (S.D. Fla. 2009) (characterizing arbitration clause including the phrase "related to" as broad). "The facts alleged in the complaint – and not the cause of action – determine whether a controversy is arbitrable in accord with the parties' agreement," and therefore "a party cannot "avoid broad language in an arbitration clause by attempting to cast its complaint in tort rather than contract." *Nexsun Corp. v. Condo*, No. 8:10-cv-331-T-23AEP, 2010 WL 2103039, at *2 (M.D. Fla. May 25, 2010) (internal quotation omitted); *see also Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635, at *5 (S.D. Fla. Mar. 26, 2003) (holding that conspiracy and tort claims were "subject to arbitration"), *aff'd*, 90 F. App'x 383 (11th Cir. 2003).

Here, the Arbitration Clause is unquestionably broad because it applies to "***ALL DISPUTES*** BETWEEN YOU AND LG ***ARISING OUT OF OR***

**_RELATING IN ANY WAY_** TO THIS LIMITED WARRANTY OR THE PRODUCT." (Wilkinson Decl. Ex. A at 76.) (Wilkinson Decl. Ex. B at 4.) (emphasis added). Because "the Court faces a broad arbitration clause," it "should follow the presumption of arbitration and resolve doubts in favor of arbitration." *Mercury Telco Grp.*, 670 F. Supp. 2d at 1355 (citation omitted).

And even without such a presumption, each of Plaintiff's claims unquestionably "aris[e] out of" or "relat[e] to" the LG Written Warranty for the Range. Plaintiff's first, second, and third causes of action allege fraud in connection with certain purported misrepresentations and omissions regarding certain purported defects in the design of the Range. (Compl. ¶¶ 73-113.) Plaintiff's fourth, fifth, and sixth causes of action, meanwhile, allege claims in contract and quasi-contract alleging that the characteristics of the Range were inconsistent with certain purported express and implied warranties made by LG, including specifically the LG Written Warranty. (Compl. ¶¶ 114-137.)

And, as noted above, the Arbitration Clause expressly requires arbitration of:

Any dispute, claim or controversy of any kind whatsoever (whether based in contract, tort, statute, regulation, ordinance, fraud, misrepresentation or any other legal or equitable theory) arising out of or relating in any way to the sale, condition or performance of the product or this Limited Warranty.

(Wilkinson Decl. Ex. A at 76.) (Wilkinson Decl. Ex. B at 4.) Thus, all of Plaintiff's claims, including those sounding in tort, are encompassed by the Arbitration Clause.

## IV.   Plaintiff Should Be Compelled To Arbitrate His Claims On An Individual Basis And This Action Should Be Dismissed Or, In The Alternative, Stayed

Finally, the FAA requires that arbitration proceed only "in accordance with the terms of the agreement." 9 U.S.C. § 4. Here, the Arbitration Clause directly provides that the Parties:

> "agree to resolve any claims between us only by binding arbitration ***on an individual basis***;"

and that

> "Any dispute between you and LG ***shall not be combined or consolidated with a dispute involving any other person's or entity's product or claim***. More specifically, without limitation of the foregoing, any dispute between you and LG ***shall not under any circumstances proceed as part of a class or representative action***."

(Wilkinson Decl. Ex. A at 77.) (Wilkinson Decl. Ex. B at 5.) (emphasis added). Thus, although Plaintiff purports to bring claims on behalf of a class, he must arbitrate on an individual basis. As there is no question that an agreement to arbitrate claims on an individual basis is enforceable, *see, e.g., Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2311-12 (2013) (class waivers are enforceable under the FAA), this Court should compel arbitration of Plaintiff's claims on a non-class basis. *See, e.g.*, *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (upholding district court's order "enforc[ing] the class action waivers in the

[agreements] and direct[ing] the [plaintiffs] to submit their claims to the arbitrator individually rather than as a class").[5]

In addition, if this Court does not dismiss this action outright it should, at minimum, stay these proceedings pending arbitration. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . shall on application of one of the parties stay the trial of the action . . . ."); *see also, e.g.*, *VR Consultants, Inc. v. J.P. Morgan Chase & Co.,* No. 20-CV-6110, 2021 WL 5494373, at *3 (D.N.J. Nov. 23, 2021) (granting motion to compel arbitration and staying case); *Anderson v. Skolnick*, No. CV1918138MASDEA, 2020 WL 2062193, at *4 (D.N.J. Apr. 29, 2020) (same); *Ebel v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 8:12-CV-2786-T-30TBM, 2013 WL 221451, at *2 (M.D. Fla. Jan. 18, 2013) (same); *Abdullah v. Am. Exp. Co.,* No. 3:12-CV-1037-J-34MCR, 2012 WL 6867675, at *5 (M.D. Fla. Dec. 19, 2012); *Jones*, 2013 WL 6283483, at *10 (same).

---

[5] The Court may also give effect to this provision by striking plaintiffs' class allegations prior to submitting the case to arbitration. *See Marc v. Uber Techs., Inc.*, No. 2:16-cv-579-FtM-99MRM, 2016 WL 7210886, at *4 (M.D. Fla. Dec. 13, 2016) (striking class allegations and compelling arbitration where the operative arbitration agreement explicitly barred class claims).

## CONCLUSION

For the reasons set forth above, this Court should enter an order compelling Plaintiff to submit his individual claims to arbitration and dismiss the Complaint or, in the alternative, stay the proceedings pending arbitration.

Dated:      New York, New York
            November 14, 2022

                            **HOGAN LOVELLS US LLP**

                            By: _Allison M Wuertz_____

                            Allison M. Wuertz
                            allison.wuertz@hoganlovells.com
                            Phoebe A. Wilkinson *(Pro Hac Vice*
                            *Application To Be Submitted)*
                            phoebe.wilkinson@hoganlovells.com
                            Daniel Petrokas *(Pro Hac Vice*
                            *Application To Be Submitted)*
                            daniel.petrokas@hoganlovells.com

                            390 Madison Avenue
                            New York, NY 10017
                            (212) 918-3000 (p)
                            (212) 918-3100 (f)

                            *Attorneys for LG Electronics USA, Inc.*