**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PEDRO BRITO, on behalf of himself and all others similarly situated,

        *Plaintiff*,

v.

LG ELECTRONICS USA, INC. AND LG ELECTRONICS INC.,

        *Defendants*.

Civil Action No. 22-5777

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Before the Court is Plaintiff's motion to certify for interlocutory appeal, D.E. 37, this Court's March 29, 2023 Opinion and Order (the "March Opinion") granting Defendant LG Electronics USA, Inc.'s ("LG") motion to compel arbitration. D.E. 32, 33. The Court has considered the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Plaintiff's motion is **DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

The March Opinion details this matter's factual and procedural history, which the Court incorporates by reference. D.E. 32. Plaintiff filed this class action lawsuit on September 29, 2022. D.E. 1. On November 14, 2022, LG moved to dismiss and to compel arbitration, D.E. 6, D.E. 7.

---

[1] The Court will refer to Plaintiff's moving brief (D.E. 37-1) as "Plf. Br."; LG's opposition brief (D.E. 38) as "Def. Opp."; and Plaintiff's reply brief (D.E. 42) as "Plf. Reply."

Plaintiff then filed its First Amended Complaint ("FAC")[2] which asserts violations of the New Jersey Consumer Fraud Action ("NJCFA") and Magnum-Moss Warranty Act ("MMWA") on behalf of the nationwide class (Counts I and II, respectively), and the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA") on behalf of the Florida subclass (Count VI). D.E. 17. The FAC also asserts claims of fraud by omission (Count III), unjust enrichment (Count VII),[3] and breach of express and implied warranty of merchantability (Counts IV and V, respectively) on behalf of the nationwide class, or in the alternate, the Florida subclass. *Id.* LG moved to dismiss the FAC on January 20, 2023. D.E. 27. On March 29, 2023, the Court granted LG's motion to compel arbitration and denied LG's motion to dismiss as moot. D.E. 32, 33. Plaintiff now moves to certify an interlocutory appeal of the March 2023 Opinion under 28 U.S.C. § 1292(b).

## II.   LEGAL STANDARD

The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides in relevant part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order[.]

Thus, a district court may certify a non-final order for interlocutory appeal where the order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of

---

[2] As a result, LG's initial motion to dismiss, D.E. 7, was denied as moot.

[3] The FAC indicates that the unjust enrichment claim is brought "in the alternative." FAC ¶¶ 182-189.

2

opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). The moving party bears the burden of demonstrating that all three criteria are met. *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 556 (D.N.J. 2003). However, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.*, No. 6-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (internal citations omitted). Furthermore, Section 1292(b) "is to be used sparingly and only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Acosta v. Pace Local I-300 Health Fund*, No. 04-3885, 2007 WL 1074093, at *1 (D.N.J. Apr. 9, 2007) (quoting *Morgan*, 2007 WL 269806, at *2 (internal quotation marks omitted)); *see also Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (stating that interlocutory appeal under Section 1292(b) is "used sparingly" since it is "necessarily a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation") (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982) (internal quotation marks omitted)).

### III. ANALYSIS

A controlling question of law is one in which (1) "if erroneous, would be reversible error on final appeal" or (2) is "serious to the conduct of litigation, either practically or legally." *Katz*, 496 F.2d at 755. When the underlying order involves mixed questions of fact and law, certification is inappropriate because Section 1292(b) "was not designed to secure appellate review of factual matters or the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court." *In re Schering-Plough Corp.*, No. 8-397, 2010

3

WL 2546054, at *4 (D.N.J. June 21, 2010) (internal quotation marks and citations omitted). Here, Plaintiff argues that the Court improperly applied the Third Circuit's decision in *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3d Cir. 2013) by finding that the motion to dismiss standard applied "even though it considered significant evidence from outside the pleadings[.]" Plf. Br. at 4-6. According to Plaintiff, because the Court relied in part on the "on-the-box and in-the-box" notices ("Arbitration Notice")[4] in finding that Plaintiff had "reasonable notice" of the arbitration agreement—notices that Defendants mentioned in a declaration submitted in support of their motion to compel arbitration—the affirmative defense of arbitrability was not apparent from the face of the complaint or documents relied on in the complaint, and application of the summary judgment standard was warranted. *Id.* at 5-6.

The Court disagrees. Plaintiff's argument conflates the two grounds set forth in *Guidotti* that warrant replacing the motion to dismiss standard with the motion for summary judgment standard. Likewise, it mischaracterizes the Court's application of *Guidotti*. As the noted in the March Opinion, "where the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint), the FAA favors resolving a motion

---

[4] The notice printed on the outside of the Range box and taped to the Range itself (inside of the box), reads as follows (in English, French, and Spanish):

> By using this product, you agree that all disputes between you and LG arising out of or relating in any way to this product (including but not limited to warranty disputes) shall be resolved exclusively through binding arbitration on an individual basis. The terms of the arbitration agreement (including details on the procedure for resolving disputes) is available at www.lg.com/us/arbitration (USA) or www.lg.com/ca_en/arbitration (Canada) and/or your owner's manual or warranty.

D.E. 6-2 at ¶¶ 4, 6.

to compel arbitration under a motion to dismiss standard." D.E. 32 at 6 (citing *Guidotti*, 716 F.3d at 773-74 (internal quotation marks and citation omitted)). The summary judgment standard, by comparison, is used only if "(1) the complaint—and documents relied on in the complaint—are unclear regarding whether the parties agreed to arbitrate; or (2) the nonmoving party has responded . . . with additional facts sufficient to place the agreement to arbitrate in issue." *Id.* at 7 (citing *Guidotti*, 716 F.3d at 776 (internal quotation marks and citation omitted)).

Thus, the Court first considered whether the affirmative defense of arbitrability was apparent from the FAC and the documents relied on in the FAC. D.E. 32 at 11-12. Based on (1) Plaintiff's allegations—that the Range was defective, that Plaintiff sought service under the Limited Warranty, and that LG failed to adequately perform under the Limited Warranty; and (2) the Limited Warranty, which provides that "all disputes . . . arising out of relating in any way to this limited warranty or the product shall be resolved exclusively through binding arbitration, and not in a court of general jurisdiction," the Court found arbitrability to be apparent. D.E. 32 at 12 (citing Ex. A at 77-78); *id.* n.14 (citing FAC ¶¶ 1, 21, 27-30, 68-71, 142-50). This determination was based on the FAC and the Warranty—not the Arbitration Notice.[5]

---

[5] In addition, the motion to dismiss standard was appropriate because "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (explaining that when deciding a motion to dismiss under Rule 12(b)(6), a court may rely on "a document *integral to or explicitly relied upon* in the complaint" (emphasis in original) (citation omitted)). Here, Plaintiff alleged that it purchased and retained the Range, upon purchasing the Range received the Owner's Manual containing the Limited Warranty, sought service under the Limited Warranty, and brought claims to enforce the Limited Warranty. FAC ¶¶ 1, 21, 27-30, 68-71, 142-50. The Arbitration Notice is integral to these claims, as it provides that "[b]y using [the Range], you agree that all disputes between you and LG arising out of or relating in any way to [the Range] (including but not limited to warranty disputes) shall be resolved exclusively through binding arbitration on an individual basis." D.E. 6-2 at ¶¶ 4, 6; *cf. In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot

5

The burden then shifted to Plaintiff, the non-moving party, to "respond[] . . . with additional facts sufficient to place the agreement to arbitrate in issue," since arbitrability was apparent from the Complaint and the document on which it relied. *Guidotti*, 716 F.3d at 776. It was in this context that the Court considered the Arbitration Notice. And it did so in light of Plaintiff's contention that he did not see the Arbitration Notice, and thus, lacked notice of the agreement to arbitrate. *See* D.E. 18 at 13, 18, 22; D.E. 18-1 ¶ 6. Because "actual awareness of the [arbitration] provision does not negate enforceability[,]" the Court ruled that Plaintiff's contention was "insufficient to place the agreement to arbitrate in issue." D.E. 32 at 13 (internal quotation marks and citation omitted). Plaintiff now seeks to rehash this argument, asserting that "Mr. Brito disputes having seen either the on-the-box or in-the-box reference upon purchase or delivery of his range," that "[t]his disputed issue of material fact was never properly resolved because Mr. Brito was not afforded the right to discovery on the issue of arbitrability," and that this "constitutes reversible error." Plf. Br. at 5-6. But as the Court held previously, whether Plaintiff "saw" the notices is not the relevant inquiry, and "[a] motion for certification should not be granted merely because a party disagrees with the ruling of the district judge." *Max Daetwyler Corp. v. R. Meyer*, 575 F.Supp. 280, 282 (E.D.Pa. 1983). Moreover, the Court's determination as to whether Plaintiff responded with additional facts sufficient to place the agreement to arbitrate in issue such that the Rule 56 standard should apply is not a "controlling question of law." *See Galicki v. State*, No. 14-169, 2016 WL 7494257, at *3 (D.N.J. Dec. 1, 2016) ("Section 1292(b) was not designed to secure appellate review either of factual matters or of the application of the acknowledged law to the facts of a particular case.") (citation omitted); *cf. Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp. 195,

---

prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.").

210 (D.N.J. 1996) (finding that the moving party's disagreement with the court's application of the governing law to the relevant facts does not warrant certification under Section 1292(b)). Thus, Plaintiff fails to satisfy the first factor.

As to the second factor, a substantial ground for difference of opinion must arise "out of genuine doubt as to the correct legal standard." *Kapossy*, 942 F. Supp. at 1001. Mere disagreement with the district court's ruling is not enough. *Id.* Therefore, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *United States ex rel. Simpson v. Bayer A.G.*, No. 05-3895, 2019 WL 3183658, at *3 (D.N.J. July 16, 2019) (internal quotation marks and citations omitted). Here, Plaintiff argues that the Court's interpretation of *Guidotti* conflicts with those of other courts in this District. Plf. Br. at 7. In support, Plaintiff cites to two distinguishable cases, both of which applied the summary judgment standard to the motion to compel arbitration because (unlike here) the document incorporating the relevant arbitration provision was not referenced, or otherwise referred to, anywhere in the complaint. Plf. Br. at 7 (citing *Lepore v. Selectquote Ins. Servs., Inc.*, No. 22-1753, 2022 WL 17093110, at *3 (D.N.J. Nov. 21, 2022) (applying the summary judgment standard where the "[p]laintiff's [c]omplaint ma[d]e[] no reference to his employment contract with [the] [d]efendants or the contract's arbitration provision."); *Pistone v. Rushmore Serv. Ctr., LLC*, No. 21-698, 2022 WL 16834672, at *2 (D.N.J. Nov. 9, 2022) (applying the summary judgment standard where "[t]he existence of the [] [a]greement and its arbitration provision and class-action waiver is not referenced in the [c]omplaint but is raised for the first time in [the] [d]efendant's motion.")). As noted, here the arbitrability of the claims was apparent from the FAC and the Limited Warranty. And because the allegations in the FAC were grounded in Plaintiff's rights

7

under the Limited Warranty, and the Limited Warranty contained the governing arbitration provision, the Court could consider these documents "without converting the motion to dismiss into one for summary judgment." *Animal Sci. Prod., Inc. v. China Minmetals Corp.*, 34 F. Supp. 3d 465, 508-09 (D.N.J. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426). Had Plaintiff "responded . . . with additional facts sufficient to place the agreement to arbitrate in issue," the Court would have applied the Rule 56 standard. *Guidotti*, 716 F.3d at 776. But contending that Plaintiff did not see the Arbitration Notice did not trigger the application of Rule 56.[6]

Lastly, the moving party bears the burden of showing that certification would materially advance the ultimate termination of the litigation. *Katz*, 496 F.2d at 754. Practical considerations guide this determination, including whether the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014). Here, Plaintiff argues that granting the petition would expedite the resolution of this matter "by potentially preventing an arbitration that could be later rendered futile by the Third Circuit." Plf. Br. at 9. But the mere possibility that the court's interlocutory decision compelling arbitration

---

[6] To the extent that Plaintiff argues his "reasonable notice" argument automatically triggered the Rule 56 standard, the Court disagrees. *See* Plf. Br. at 8 (citing *San Marco v. Duvera Billing Servs., LLC*, 2023 WL 2931945, at *6 (W.D. Pa. Apr. 13, 2023)). As noted above, *supra* n.5, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp*, 998 F.2d at 1196; *cf. Lloyd v. Retail Equation, Inc.*, No. 21-17057, 2022 WL 18024204, at *8 (D.N.J. Dec. 29, 2022) ("[T]he Court may properly consider the proffered declaration and exhibits in determining whether there existed reasonable notice and assent to the arbitration agreement" under the Rule 12(b)(6) standard).

8

could later be found incorrect is not sufficient to satisfy Section 1292(b).[7] Whereas here, "[r]eversal would not eliminate the need for trial, simplify the case, or reduce the cost of discovery," and would instead result in "beginning the [putative class action] case anew at the class certification stage," thereby "becom[ing] exponentially more complex, expensive, and time consuming,"[8] the third factor is not satisfied. *See also Vaughn v. Flowserve Corp.*, No. 05-2725, 2006 WL 3231417, at *4 (D.N.J. Nov. 8, 2006) (finding that even if the moving party is correct that arbitration "is inappropriate, the parties would nonetheless incur expenses in litigating this case, albeit before this [c]ourt instead of an arbitrator," thus the moving party "fail[ed] to make a sufficient showing" as to this factor); *Murray v. UBS Sec., LLC*, No. 12-5914, 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014) ("[I]t is safe to assume that the appeal process will take longer than the arbitration, thereby extending the time in which a final decision on the merits is rendered.").

## IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this 8th day of August 2023,

---

[7] The out-of-circuit cases cited by Plaintiff do not convince the Court otherwise. In *S.A. Mineracao Da Trindade-Samitri v. Utah Int'l Inc.*, the court granted the Section 1292(b) certification where the court was "trying to reconcile . . . the divergent views of the Supreme Court, [] and the Second Circuit" as to whether, as a matter of law, the language of the arbitration clauses was broad enough to encompass a claim of fraud in the inducement of the agreements themselves. 579 F. Supp. 1049, 1050 (S.D.N.Y. 1984). The court emphasized that in addition to presenting a "controlling question or law" for which there were "divergent views," an immediate appeal would materially advance the ultimate termination of the litigation, as the parties could otherwise, under the terms of the provision, risk "wast[ing] two years in arbitrating claims" in Paris, France, for claims that may later be held to be nonarbitrable. *Id.* Likewise, in *Hoffman v. Citibank (S. Dakota), N.A.*, the court found it critical to resolve the choice of law question, for which there was "substantial ground for a difference of opinion," because whether the arbitration provision was enforceable turned on whether California law or South Dakota law applied. 2007 WL 5659406 at *4 (C.D. Cal. Feb. 15, 2007).

[8] *Brown v. Trueblue, Inc.*, No. 10-0514, 2012 WL 1268644, *6 (M.D. Pa. Apr. 16, 2012).

9

**ORDERED** that Plaintiff's motion to certify this Court's March 29, 2023 Opinion and Order for interlocutory appeal (D.E. 37) is **DENIED.**

_____
John Michael Vazquez, U.S.D.J.